# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**AARON COLEMAN**

    **Plaintiff,**

v.                                   **Case No.: 8:18-cv-1678-T-35AAS**

**CITY OF TAMPA, et al.,**

    **Defendants.**

_____/

## ORDER

Aaron Coleman moves to compel better discovery by filing four separate motions against different defendants, the City of Tampa, Hillsborough County, Paris Dunkley, and Officer Stephen Gady. (Docs. 44, 45, 46, 47). Each defendant opposes their respective motion. (Docs. 48, 49, 50, 51).

Attached to each motion to compel are two one-page letters purporting to be Mr. Coleman's unsuccessful attempts to meet and confer about the discovery disputes before filing his motions to compel. (Docs. 44-1, pp. 30–31; 45-1, pp. 24–25; 46-1, pp. 24–25; 47-1, pp. 23–24). These one-page ultimatums do not comply with the letter or spirit of Local Rule 3.01(g). Compliance requires plaintiff to have a substantive discussion with defense counsel. Any future failure to comply with Local Rule 3.01(g)'s meet and confer obligation will lead to the denial of the motion without further consideration.

1

## I. BACKGROUND

Previously, the court detailed the events leading to Mr. Coleman filing his complaint against the defendants. (Doc. 38). Because of those events, Mr. Coleman sued Hillsborough County, the City of Tampa, Ms. Dunkley, Officers John Riccardo, James Valentino, William Fair, and Stephen Gady.[1] (Doc. 10). The defendants moved to dismiss Mr. Coleman's third amended complaint. (Docs. 16, 17, 25). The undersigned recommended the motions to dismiss be denied. (Doc. 38). The district court adopted the report and recommendation but also issued an order with modifications. (Doc. 41). The order specifically granted in part the City of Tampa's motion to dismiss as to the false imprisonment and false arrest claims against Mr. Fair, but the remaining claims survived dismissal. (*Id.* at p. 14).

In July 2019, Mr. Coleman served the City of Tampa with interrogatories and request for production. (Docs. 44-1, Ex. A, C). In August 2019, the City of Tampa answered those interrogatories and request for production and provided some documents but also raised objections. (Docs. 44-1, Ex. B, D). Mr. Coleman seeks better responses from the City of Tampa. (Doc. 44).

In July 2019, Mr. Coleman served Hillsborough County with interrogatories and request for production. (Docs. 45-1, Ex. A, C). In August 2019, Hillsborough County answered those interrogatories and request for production and provided some

---

[1] In total, Mr. Coleman brought twenty-one claims in his third amended complaint. (Doc. 10). For brevity, the court will not list each claim against each defendant but refers to Mr. Coleman's complaint and this court's prior orders for reference.

documents but also raised objections. (Docs. 45-1, Ex. B, D). Mr. Coleman seeks better responses from Hillsborough County. (Doc. 45).

In July 2019, Mr. Coleman served Ms. Dunkley with interrogatories and request for production. (Docs. 46-1, Ex. A, C). In August 2019, Ms. Dunkley answered those interrogatories and request for production and provided some documents but also raised objections. (Docs. 46-1, Ex. B, D). Mr. Coleman seeks better responses from Ms. Dunkley. (Doc. 46).

In July 2019, Mr. Coleman served Officer Gady with interrogatories and request for production. (Docs. 47-1, Ex. A, C). In August 2019, Officer Gady answered those interrogatories and request for production but also raised objections. (Docs. 47-1, Ex. B, D). Mr. Coleman seeks better responses from Officer Gady. (Doc. 47).

## II. LEGAL STANDARD

A party may obtain discovery about any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Discovery helps parties ascertain facts that bear on issues in the case. *ACLU of Fla., Inc. v. City of Sarasota*, 859 F.3d 1337, 1340 (11th Cir. 2017) (citations omitted). However, requests for production should be clear, concise, and reasonably particularized. Middle District Discovery (2015) at III(A)(1).

A party may move for an order compelling discovery from the opposing party. Fed. R. Civ. P. 37(a). The party moving to compel discovery has the initial burden of proving the requested discovery is relevant. *Douglas v. Kohl's Dep't. Stores, Inc.*, No. 6:15-cv-1185-Orl-22TBS, 2016 WL 1637277, at *2 (M.D. Fla. Apr. 25, 2016) (quotation

and citation omitted). The responding party must then specifically show how the requested discovery is unreasonable or unduly burdensome. *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559–60 (11th Cir. 1985).

## III. MOTIONS TO COMPEL

As an initial matter, the court must address two issues: the scope of discovery Mr. Coleman seeks and the defendants' general, boilerplate objections.

First, Mr. Coleman's requests fail to meet the requirements of Rule 26(b). Rather, Mr. Coleman's requests are generally overbroad and seek information not relevant or proportional to the needs of the case. The discovery rules allow for a broad search of information, but "the scope of permissible discovery is not unbounded. Requested discovery must be relevant, and it must not impose undue burden, under the tests described in Rule 26(b)(2)(C)." *Bank of Magnolia v. M&P Global Fin. Serv.*, 258 F.R.D. 514, 518 (S.D. Fla. 2009).

Second, the defendants use boilerplate objections when the rules require specificity. The 2015 amendments to the Federal Rules of Civil Procedure clarify boilerplate objections are improper. *See* Fed. R. Civ. P. 34. Federal Rule of Civil Procedure 34(b)(2)(B) now requires the responding party "state with specificity the grounds for objection to the request, including the reasons." Boilerplate or general objections constitute a waiver of the discovery sought. *See Spencer v. City of Orlando, Florida*, No. 6:15-cv-345-Orl-37TBS, 2016 WL 397935, at *2 (M.D. Fla. Feb. 2, 2016) (concluding that objections that are "are too vague and nonspecific" fail to "preserve any objection to the requested discovery").

4

With that, the court will address each motion to compel in turn.

**A.    City of Tampa (Mot. at Doc. 44; Resp. at Doc. 51)**

Mr. Coleman requests the court overrule the City of Tampa's objections and require more complete responses to Request for Production Numbers 4, 25, 27, 28, 29, 31, and 35 and Interrogatories 4, 5, and 7. (Doc. 44).

For Request for Production Numbers 4, 25, 27, 28, 29, 31, and 35, the City of Tampa states it will amend its responses to clarify that it does not have additional non-objectionable documents. (Doc. 51, pp. 3–10). For the categories of documents the City of Tampa has not produced, it maintains its claims of attorney-client privilege and work-product doctrine protection plus further explains why the additional documents sought by Mr. Coleman are not even relevant. (*Id.*). The request for production and corresponding original written objections are:

> **Request for Production No. 4:** Copies of any all correspondence, memoranda, report, written notes, diagrams, charts or other similar documents, which relate to the incident described in Plaintiff's Complaint or any of Plaintiff's claims or your defenses in this action.
>
> **Response:** Objection, overbroad and the City further objects because the request implicates documents that are attorney-client and work-product privileged.
>
> **Request for Production No. 25:** Copies of any and all correspondence, memoranda, reports, written notes, transcripts, recordings, or other similar documents which relate to Aaron Coleman from January 2014– to the present.
>
> **Response:** Objection, the request is overbroad and the City objects that the request implicates the attorney work product privilege to the extent responsive documents are associated with this lawsuit. The City also objects that police reports associated with Plaintiff, Aaron Coleman related to other crimes allegedly committed by Plaintiff are not relevant to any claim or defense in this case.

5

**Request for Production No. 27:** Copies of any and all correspondence, memoranda, reports, written notes, transcripts, recordings, or other similar documents which relate to Life Coleman or Lyfe Coleman from January 2014–to the present.

**Response:** Objection, the request is not relevant to any claim or defense and is not likely to lead to evidence that is relevant to any claim or defense. The City also objects that the request is overbroad because it implicates records that belong to someone other than Plaintiff, and therefore records of someone other than Plaintiff would not be relevant to any claim or defense in this case.

**Request for Production No. 28:** Copies of any and all correspondence, memoranda, reports, written notes, transcripts, recordings, or other similar documents which relate to Life Coleman or Lyfe Coleman from January 2014–to the present.

**Response:** Objection, the request is not relevant to any claim or defense and is not likely to lead to evidence that is relevant to any claim or defense. The City also objects that the request is overbroad because it implicates records that belong to someone other than Plaintiff, and therefore records of someone other than Plaintiff would not be relevant to any claim or defense in this case.

**Request for Production No. 29:** Copies of any and all correspondence, memoranda, reports, written notes, transcripts, recordings, or other similar documents which relate to Jennifer Williams from January 2014–to the present.

**Response:** Objection, the request is not relevant to any claim or defense and is not likely to lead to evidence that is relevant to any claim or defense. The City also objects that the request is overbroad because it implicates records that relate to Jennifer Williams in her capacity as a Case worker reporting runaways and her capacity as a victim of crimes like Auto Burglary, Burglary of a Dwelling, and therefore would not be relevant to any claim or defense in this case.

**Request for Production No. 31:** Copies of any and all correspondence, memoranda, reports, written notes, transcripts, recordings, or other similar documents which contain or are related to any surveillance or investigation of aaron coleman from January 2009–present.

6

**Response:** Objection, the request is overbroad and the City objects that the request implicates the attorney work-product privilege to the extent responsive documents are associated with this lawsuit. The City also objects that police reports associated with Plaintiff, Aaron Coleman related to other crimes allegedly committed by Plaintiff are not relevant to any claim or defense in this case.

**Request for Production No. 35:** Copies of any and all recordings and correspondence or similar communication between any parties to this action.

**Response:** Objection, overbroad and implicates attorney client/work product privilege.

Consistent with its representation in its response to Mr. Coleman's motion, the City of Tampa must provide amended written responses to Request for Production Numbers 4, 25, 27, 28, 29, 31, and 35 by **December 9, 2019**, if it has not already done so. Any documents withheld as privileged or otherwise protected from production must be logged on a privilege log, and the privilege log must be provided to Mr. Coleman no later than **December 9, 2019**. Otherwise, the City of Tampa need not produce any additional documents in response to these requests because Mr. Coleman already has the responsive documents that are relevant and proportional to the needs of the case.

Thus, Mr. Coleman's motion to compel the City of Tampa to produce documents is **GRANTED** to the extent that the City of Tampa must provide amended written responses as explained in their response (Doc. 51) and a privilege log no later than **December 9, 2019**. Otherwise, Mr. Coleman's motion to compel the City of Tampa to produce documents is **DENIED**.

Mr. Coleman also moves the City of Tampa to provide complete answers to Interrogatories 4, 5, and 7. (Doc. 44, pp. 8–11). Interrogatories 4 and 5, and the respective responses are:

> **Interrogatory No. 4:** Please state the total and complete number of hours for which City of Tampa paid City of Tampa employees for work associated with State of Florida vs. Aaron Coleman, Case Number 14-CF-010136, including but not limited to: participation in arrests; investigations; depositions; interviews, court appearance, criminal prosecution, criminal defense and civil actions.
>
> **Response:** Objection, the requested information is not relevant to the claims and defenses in this case and is not likely to lead to admissible information.
>
> **Interrogatory No. 5:** Please state the told and complete dollar amount City of Tampa paid City of Tampa employees for work associated with State of Florida vs. Aaron Coleman, Case Number 14CF-010136, including but not limited to: participation in arrests; investigations; depositions; interviews, court appearance, criminal prosecution, criminal defense and civil actions.
>
> **Response:** Objection, the requested information is not relevant to the claims and defenses in this case and is not likely to lead to admissible information.

The City of Tampa responds to the motion by explaining police officers are salaried employees who work forty-hour weeks and receive scheduled paychecks that are not based on which cases the employee worked on during that pay period. (Doc. 51, p. 11). Since police officers for the City of Tampa need not log what cases they work on during the pay period, the City of Tampa cannot determine what portion of the police officer's salary was devoted to a particular case. (*Id.*). Consequently, Mr. Coleman's motion to compel better answers to Interrogatories 4 and 5 from the City of Tampa is **DENIED.**

Interrogatory 7 and the respective response state:

**Interrogatory No. 7:** For every lawsuit, from January 2009–present, involving the Tampa Police Department, or Tampa Police Department employees, in which the City of Tampa or any Tampa Police Department employee was listed as a defendant, please list: case name and case number, filing date, outcome of lawsuit (dismissed, settled, result of litigation); date of dismissal, settlement or verdict; and settlement or verdict amount.

**Response:** Objection, the interrogatory is overbroad, voluminous and burdensome. Moreover, the City objects because the information that Plaintiff seeks is not exclusively within the custody and control of the City since the Clerk of Court for Federal and State Court will have a record, that is accessible to Plaintiff that indicates when the City of Tampa or the Tampa police department have been named as Defendants in any lawsuit.

The City of Tampa argues this interrogatory is burdensome because the City of Tampa does not have a system that keeps or maintains the records in a way to easily generate the information requested. (Doc. 51, pp. 11–12). The City of Tampa also argues this interrogatory is overboard because it implicates all civil lawsuits about claims not at issue such as motor vehicle accidents or small claims. (*Id.* at p. 11). Because this interrogatory is overbroad and unduly burdensome, Mr. Coleman's motion to compel a better answer to Interrogatory 7 from the City of Tampa is **DENIED.**

    **B.**    **Hillsborough County (Mot. at Doc. 45; Resp. at Doc. 49)**

Mr. Coleman requests the court overrule Hillsborough County's objections and require more complete responses to Request for Production Number 10 and Interrogatories 4, 5, 6, and 7. (Doc. 45). The disputed request for production and respective response state:

9

**Request for Production No. 10:** Copies of documents of every description and nature that reference felony animal cruelty charges alleged by Paris Dunkley from January 2009–present, including but not limited to official notices, search warrant affidavits, and reports.

**Answer:** Objection. The request for "copies of documents of every description and nature that reference felony animal cruelty charges alleged by Paris Dunkley from January 2009–present . . ." is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in the instant matter.

Hillsborough County argues Ms. Dunkley filed about 100 to 200 animal cruelty charges since she became an investigator in 2011. (Doc. 49, p. 5). Locating "documents of every description and nature" for these 100 to 200 animal cruelty charges would require hours of time and result in the production of reams of paper with minimal, if any, importance to the issues in dispute. The requested documents are not relevant or proportional to the needs of the case. Trying to locate all the documents for over 100 to 200 irrelevant animal cruelty charges would be an undue burden on Hillsborough County. Therefore, Mr. Coleman's motion to compel better response for Request for Production Number 10 from Hillsborough County is **DENIED.**

The disputed interrogatories and their respective responses are:

**Interrogatory No. 4:** Please state the total and complete number of hours for which Hillsborough County paid Hillsborough County employees, for work associated with State of Florida v. Aaron Coleman, Case Number 14-CF-010136, including but not limited to: participation in arrests; investigations; depositions; interviews; court appearances, criminal prosecution, criminal defense, and civil actions.

**Answer:** Unable to determine.

**Interrogatory No. 5:** Please state the total and complete dollar amount Hillsborough County paid Hillsborough County employees, for work associated with State of Florida v. Aaron Coleman, Case Number 14-CF-010136, including but not limited to: participation in arrests; investigations; depositions; interviews; court appearances, criminal prosecution, criminal defense, and civil actions.

**Answer:** Unable to determine.

**Interrogatory No. 6:** List the names and locations at which Tampa Police Department assisted Hillsborough County Animal Services with executing search warrants, from January 2009–present.

**Answer:** Objection. Overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

**Interrogatory No. 7:** For every lawsuit, from January 2009–present, involving Hillsborough County or Hillsborough County employees, in which Hillsborough County or any Hillsborough County employee was listed as a defendant, please list: case name and case number; filing date; outcome of lawsuit (dismissed, settled, result of litigation); date of dismissal, settlement, or verdict; and settlement or verdict amount.

**Answer:** Objection. Overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, the information requested is a matter of public record, equally available to all parties.

To comply with the obligation to respond to interrogatories under the local discovery rules, both the party and attorney must "[c]onduct a reasonable inquiry, including a review of documents likely to have information necessary to respond to interrogatories." Middle District Discovery (2015) at IV(B)(3). The court finds Hillsborough County complied with the discovery rules in undertaking a reasonable inquiry to review the investigative file that could likely have information responsive to Mr. Coleman's requests. Moreover, the information Mr. Coleman seeks in these interrogatories is not relevant or proportional to the needs of the case. Thus, Mr.

Coleman's motion to compel better answers to Interrogatories 4, 5, 6, and 7 from Hillsborough County is **DENIED.**

### C. Paris Dunkley (Mot. at Doc. 46; Resp. at Doc. 48)

Mr. Coleman requests the court overrule Ms. Dunkley's objections and require more complete responses to Request for Production Number 13 and Interrogatories 2, 3, 5, and 6. (Doc. 46). The disputed request for production, interrogatories, and respective responses state:

> **Request for Production No. 13:** Copies of documents of every description and nature that reference felony animal cruelty charges alleged by Dunkley from January 2009–present, including but not limited to official notices, search warrant affidavits, and reports.
>
> **Response:** Objection. The request for "copies of documents of every description and nature that reference felony animal cruelty charges alleged by Dunkley from January 2009–present . . ." is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in the instant matter.
>
> **Interrogatory No. 2:** Please state the duration of time were [sic] you in your work vehicle at 3107 N. Jefferson St., Tampa, FL, on July 8, 2014, after speaking with Jennifer Williams, before Aaron Coleman arrived.
>
> **Answer:** I do not recall.
>
> **Interrogatory No. 3:** Please state the duration of time were [sic] you in your work vehicle at 3107 N Jefferson St., Tampa, FL, on July 8, 2014, after ending your conversation with Aaron Coleman, before Tampa police arrived.
>
> **Answer:** I do not recall.
>
> **Interrogatory No. 5:** Please state the total and complete number of hours for which Hillsborough County paid you, for work associated with State of Florida v. Aaron Coleman, Case Number 14-CF-010136, including but not limited to: participation in arrests; investigations;

12

depositions; interviews; court appearances, criminal prosecution, criminal defense, and civil actions.

**Answer:** Unable to determine.

**Interrogatory No. 6:** Please state the total and complete dollar amount Hillsborough County paid you, for work associated with State of Florida v. Aaron Coleman, Case Number 14-CF-010136, including but not limited to: participation in arrests; investigations; depositions; interviews; court appearances, criminal prosecution, criminal defense, and civil actions.

**Answer:** Unable to determine

Interrogatories 5 and 6 and Request for Production 13 are nearly identical to two interrogatories and a document request Mr. Coleman served on Hillsborough County that the court addressed above. The motion to compel better responses for Interrogatories 5 and 6 and Request for Production Number 13 from Ms. Dunkley is **DENIED** for the same reasons the court denied Mr. Coleman's motion to compel better responses from Hillsborough County.

For Interrogatories 2 and 3, Ms. Dunkley answered under oath she cannot recall how much time transpired. Mr. Coleman's dissatisfaction with her independent recollection is not grounds for a motion to compel. Thus, Mr. Coleman's motion to compel better answers to the Interrogatories 2 and 3 from Ms. Dunkley is also **DENIED.**

**D. Stephen Alexander Gady (Mot. at Doc. 47; Resp. at Doc. 50)**

Mr. Coleman requests the court overrule Officer Gady's objections and require more complete responses to Interrogatory 7 and Request for Production Number 13. (Doc. 47). The disputed interrogatory and respective response state:

13

> **Interrogatory No. 7:** Have you ever been the subject of any report alleging police misconduct, including but not limited to: excessive use of force, discrimination of any kind; falsifying documents, or lying, since your employment with Tampa Police Department? If so, please state the date of alleged misconduct, and the result of the allegations.
>
> **Answer:** Attached, please find my Internal Affairs history.

Within Officer Gady's response to Mr. Coleman's motion, he also provides an amended response to Interrogatory 7. (Doc. 50-1). Officer Gady's amended response is complete, and Mr. Coleman's motion to compel a better answer to Interrogatory 7 is **DENIED AS MOOT.**

The disputed request for production and respective response state:

> **Request for Production No. 4**: Copies of any all correspondence, memoranda, report, written notes, diagrams, charts or other similar documents, which relate to the incident described in Plaintiff's Complaint or any of Plaintiff's claims or your defenses in this action.
>
> **Response**: Objection, overbroad.

In response to Mr. Coleman's motion to compel document in response to this request, Officer Gady indicates Mr. Coleman already has the documentation Officer Gady has in his possession, custody, and control. (Doc. 50, pp. 2–3). Specifically, Mr. Coleman quotes from the police report in his third amended complaint so he must have that report, and the defendants produced the Animal Services file as part of the initial Rule 26 disclosures. (*Id.*). Officer Gady represents he has no other documents related to this incident. (*Id.* at p. 3). Thus, Mr. Coleman's motion to compel better response for Request for Production Number 4 from Officer Gady is **DENIED.**

IV. **CONCLUSION**

The following is **ORDERED**:

1. Mr. Coleman's motion to compel City of Tampa (Doc. 44) is **GRANTED** to the extent that the City of Tampa must amend its responses as specified and provide a privilege log by **December 9, 2019**. Otherwise, the motion is **DENIED**.

2. Mr. Coleman's motion to compel Hillsborough County (Doc. 45) is **DENIED.**

3. Mr. Coleman's motion to compel Ms. Dunkley (Doc. 46) is **DENIED.**

4. Mr. Coleman's motion to compel Officer Grady (Doc. 47) is **DENIED as moot** for the response to the interrogatory and is **DENIED** for the request for production.

**ORDERED** in Tampa, Florida on November 13, 2019.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

Copies to: pro se plaintiff